IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE RONAT, on Behalf of Herself and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  CIVIL NO.  05-520-GPM ) |
| MARTHA STEWART LIVING OMNIMEDIA, INC., and SEARS HOLDINGS CORPORATION, d/b/a Kmart Corporation, | ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter is before the Court on the parties' agreed motion for entry of a stipulated confidentiality order.  In the motion, the parties state that:

> With respect to the Initial Disclosures of MSO and Kmart pursuant to Rule 26 of the Federal Rules of Civil Procedure as well as in response to Plaintiff's First Set of Interrogatories (attached as Exhibit B) and Plaintiff's First Request for Production of Documents (attached as Exhibit C), and potentially future discovery requests, MSO and Kmart may be obligated to produce certain highly confidential, sensitive and proprietary information regarding, among other things, the research, design, engineering, and testing of the patio tables, confidential agreements between MSO and Kmart, as well as agreements with vendors and other third-parties, and sales information from the sales of patio tables.  This confidential information includes trade secrets, sensitive business or financial information, and confidential research, development or commercial information.

(Doc. 14, ¶ 1).  A review of the motion, proposed protective order, and attached documents reveals nothing specific that the parties want protected.  In fact, the parties attached all of the discovery requests yet point to nothing specific that may yield a confidential response.  Plaintiff's

Interrogatory No. 12 propounded to Kmart asks: "Identify the PERSON most knowledgeable regarding any warranties and/or guarantees that accompany the PATIO TABLES." (Doc. 14, Ex. B) The Court does not see how this warrants protection, and the parties have made no effort to separate what they deem confidential and what they do not; rather, they want the Court to sanction their blanket order that allows any party or non-party to designate as "Confidential" any "Litigation Materials" that he or she believes, in good faith, constitutes, contains, reveals, or reflects "proprietary or confidential trade secrets or technical, business, financial or personnel information of a current nature" (Doc. 14, Ex. A, ¶ 4).

Under Federal Rule of Civil Procedure 26(c), a party may move for a protective order where the parties are unable to resolve the dispute without court interaction and for good cause shown. While parties frequently stipulate to such orders, stipulated protective orders "place the district court in an unusual position." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).

> Normally, the court is quick to ratify (and rightly so) any area of agreement between opposing parties. However, under [Rule] 26(c), the district court has the power to issue a protective order only upon a showing of "good cause." Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection.
>
> In deciding whether to issue a stipulated protective order, the district court must independently determine if "good cause" exists.

*Id*. (internal quotation omitted).

Protective orders have become increasingly disfavored in this Circuit. *See, e.g., Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials."); *Citizens First Nat'l Bank of*

*Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding"). Having fully considered this matter, the Court cannot find good cause for issuance of a protective order at this stage of the litigation. The motion and proposed order are overly broad and presume that protection, based on what basically anyone even remotely connected to this litigation believes to be confidential, is warranted. The determination of good cause cannot be left to the parties, much less non-parties – that is the Court's prerogative. Moreover, paragraph 14 of the proposed order contemplates that when the parties cannot agree on what should be deemed "confidential," they will have the Court decide. The Court will not be the tie-breaker in an exercise that it does not sanction in the first instance. Therefore, the Court **declines** to issue the stipulated protective order, and the motion for such order (Doc. 14) is **DENIED**. Of course, the parties are free to agree among themselves how to handle "confidential" discovery, and they have done so.

Finally, the Court notes that the proposed order provides for the filing of confidential materials "under seal" with the Court. Only the Court has the authority to seal documents. Therefore, the parties must seek leave to file any papers under seal before doing so.

**IT IS SO ORDERED.**

DATED: 12/22/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge