IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHELLE RONAT, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **05-520-GPM** |
| ) | |
| **MARTHA STEWART LIVING** ) | |
| **OMNIMEDIA, INC., et al.,** ) | |
| ) | |
| Defendant. ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to compel defendant "JRA Furniture Industries, LLC ("JRA") to comply with plaintiffs' request(s) for production. **(Doc. 66).** The initial discovery request at issue was propounded before JRA was added as a defendant; therefore, a subpoena duces tecum was utilized, as well as a "Subpoena Document Rider." After JRA was added as a defendant, plaintiffs served the discovery request anew, in accordance with Federal Rule of Civil Procedure 34. Plaintiffs now seek responses to requests 3, 9, 10, 13, 14 and 47 of their First Request for Production of Documents to Defendant JRA Furniture Industries, LLC **(Doc. 66, Exhibit C)**.

The amended complaint lists "JRA Furniture Industries, LLC aka, [sic] JRA Century Furniture Industries, Co., Ltd." as a defendant. **(Doc. 19).** JRA stresses that JRA Furniture Industries, LLC, is distinct from JRA Century Furniture Industries, Co., Ltd.[1] Moreover, JRA

---

[1] JRA has now moved to join JRA Century Furniture Industries, Co., Ltd., as a necessary party, or for leave to file a third party complaint. **(Doc. 77).** Chief Judge Murphy is slated to rule on that motion.

asserts that it did not manufacture or supply the glass patio tables at issue in this case, as alleged in the amended complaint.  With that said, JRA acknowledges providing customer service for products supplied by JRA Century Furniture Industries, Ltd., and concedes that it has and will provide documents relevant to the allegations in the case.  From JRA's perspective, the scope of discovery is limited to complaints that Martha Stewart Every Day brand glass top patio tables spontaneously shatter.  **(Doc. 67).**

Plaintiffs have not filed a reply to JRA's response, per se.  Rather, plaintiffs filed a "second" motion to compel.  This second motion is problematic, in that it rehashes plaintiffs' position relative to the request for production at issue in the first motion to compel, and then it takes issue with various responses to interrogatories aimed at clarifying JRA's relationship to JRA Century Furniture Industries, Co., Ltd., and the other defendants.  **(Doc. 68).**  Plaintiffs' motion prays the Court order JRA to "produce the above-requested discovery information," plaintiffs never make clear whether the motion is aimed at the request for production or interrogatories.  Nevertheless, the Court will construe the "second" motion to compel as pertaining to certain interrogatories.  That motion will be addressed by separate order.

## The Scope of Discovery

It is important to keep in mind how wide open discovery is under the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter *relevant to the subject matter of the pending action*, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue*

*that is or may be in the case.* ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).** Discovery may be had from any person provided that the person from whom discovery is sought is not subjected to annoyance, embarrassment, oppression, or undue burden or expense. ***See* Fed.R.Civ.P. 26(c), 30(b), 34, and 45.**

Neither the plaintiffs nor JRA argue that the fact that this case is in the pre-class certification phase of discovery alters the relevant scope of discovery. **(*See* Doc. 18).** However, this Court notes that during this phase, discovery is limited to the threshold requirements for class certification-- numerosity, commonality, typicality, and adequacy of representation.

JRA's actual connection to the tables at issue in this case may turn out to be only as the customer service provider, as JRA asserts; or, JRA may be the designer and/or manufacturer as alleged by plaintiffs. However, JRA's role and/or liability are not issues for the undersigned magistrate judge to decide. In any event, the scope of discovery is framed by the complaint.

At this juncture, the controlling amended complaint alleges defendants Martha Stewart Living Omnimedia, Inc., KmartCorp., and JRA Furniture Industries, LLC, engaged in deceptive acts and practices, breached the implied warranty of merchantability, and failed to disclose the defect inherent in the "Martha Stewart Everyday" brand glass top patio tables manufactured by JRA. **(Doc. 19, p. 2).**

Plaintiffs specifically allege that JRA designed and manufactured the tables at issue.[2] **(Doc. 19, p. 5).** The allegations remaining against JRA pertain to acts and/or omissions related to designing, manufacturing, promoting and advertising, and placing defective tables in the

---

[2]JRA has not moved to strike the misnomer in the amended complaint linking it and JRA Century Furniture Industries, Co., Ltd. ("JRA Century"); and plaintiffs persist in questioning the agency relationship between JRA and JRA Century. **(*See* Doc. 68).**

stream of commerce. If plaintiffs are mistaken about JRA's role, Count XI, alleging a breach of an implied warranty of merchantability, would appear to be a nonstarter because JRA would not be a "merchant"– meaning seller or manufacturer. (*See* **Doc. 19, pp. 31-32).** In contrast, JRA's acknowledged role providing customer service is not inconsistent with Count III , which alleges consumer fraud, based on JRA's concealment of knowledge of a design defect. (*See* **Doc. 19, pp. 20-22).** Therefore, JRA's actual role has little or no impact on the scope of discovery at this point in time. In any event, each request will be analyzed separately.

### Request No. 3

Request No. 3 seeks "All [c]ommunications, including consumer complaints, between JRA and either Kmart, MSO or any third party about shattering tempered glass in any of the [p]atio [t]ables." JRA objects that the request is overly broad, unduly burdensome and the burden and expense associated with production of such documents exceeds the probative value of any such request. Consumer complaints are obviously relevant. Alone, "all communications" sweeps too broadly, but the request is further limited to communications "about shattering tempered glass in any of the [p]atio [t]ables." Therefore, JRA's objections are overruled and the requested documents must be produced.

### Request 9

Request No. 9 seeks "All consumer complaints [c]oncerning shattering tempered glass tops on any of the [p]atio [t]ables." JRA objects that the request is overly broad, unduly burdensome and the burden and expense associated with production of such documents exceeds the probative value of any such request. As with Request No. 3, this request is obviously relevant and sufficiently narrow; therefore, JRA's objections are overruled and the requested

documents must be produced.

### Request 10

Request No. 10 seeks "All [d]ocuments that create, describe or explain any [c]ommunication [c]oncerning consumer complaints, either with the consumer or a third party, about shattering tempered glass tops on any of the [p]atio [t]ables." JRA objects that the request is overly broad, unduly burdensome and the burden and expense associated with production of such documents exceeds the probative value of any such request. Again, the documents requested are limited to those pertaining to shattering glass top tables, which "saves" an otherwise broad request. JRA's objections are overruled and the requested documents must be produced.

### Request 13

Request No. 13 seeks "All [d]ocuments [c]oncerning warranty repair/replacement procedures for all the [p]atio [t]ables, including the actual warranties, documents that identify the number of warranty repair/replacements and documents that identify the policies and procedures [y]ou use to determine whether to replace a [p]atio [t]able under warranty." JRA objects insofar as Request No. 13 seeks documents regarding "patio tables," defined in the definitions section of the Request for Production of Documents as "'Martha Stewart Every Day' brand glass top patio tables that were manufactured or supplied by JRA,'" because JRA neither manufactures nor supplies patio tables. This objection is not well taken because JRA's role– whether as designer, manufacturer or customer service provider– is a question of fact yet to be decided. JRA should provide any responsive documents in its possession or control regarding the "Martha Stewart Every Day" brand glass top patio tables specified in the amended complaint, regardless of

whether they were manufactured or supplied by JRA.

### Request 14

Request No. 14 seeks "All [d]ocuments identifying all the repairs/replacements made for the [p]atio [t]ables." JRA responds that it is unaware of any documents regarding repairs of tables and will further state that documents related to the replacement of tables or component parts associated with glass breakage claims will be produced to the extent they are able to be located. There is no cause to question the truthfulness or sincerity of JRA's response; therefore, plaintiffs' motion to compel relative to Request No. 14 is not well taken. The Court notes that plaintiffs appear to have forgotten their allegation that the defendants "failed and refused to remedy the defect." **(Doc. 19, p. 2).**

### Request 47

Request No. 47 seeks "All [d]ocuments including [c]ommunications, notes and minutes from meetings about shattering tempered glass tops on any of the [p]atio [t]ables." JRA objects that the request is overly broad, unduly burdensome, vague and not limited in scope. Given the definitions supplied with the requests for production, and reading the request in the context of the amended complaint, the Court does not find this request objectionable. However, the Court will clarify that JRA need only produce documents related to meetings about shattering tempered glass tops on any of the patio tables at issue in the amended complaint.

**IT IS HEREBY ORDERED** that, for the aforestated reasons, plaintiffs' motion to compel **(Doc. 66)** is **GRANTED IN PART AND DENIED IN PART**.  On or before **March 23, 2007**, defendant JRA Furniture Industries, LLC, shall produce documents in response to plaintiffs' Production Requests 3, 9, 10, 13 and 47, as detailed in the body of this order.

**IT IS SO ORDERED.**

**DATED: March 14, 2007**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
