IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHELLE RONAT, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **05-520-GPM** |
| | ) | |
| **MARTHA STEWART LIVING** | ) | |
| **OMNIMEDIA, INC., et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to compel defendant "JRA Furniture Industries,

LLC ("JRA") to answer certain interrogatories propounded on or about November 10, 2006.

**(Doc. 68).**

The amended complaint lists "JRA Furniture Industries, LLC aka, [sic] JRA Century

Furniture Industries, Co., Ltd." as a defendant.  **(Doc. 19).**   JRA has taken the position that JRA

Furniture Industries, LLC, is distinct from JRA Century Furniture Industries, Co., Ltd.[1]

Moreover, JRA asserts that it did not manufacture or supply the glass patio tables at issue in this

case, as alleged in the amended complaint.  With that said, JRA acknowledges providing

customer service for products supplied by JRA Century Furniture Industries, Ltd. ("JRA

Century").  In an effort to clarify the relationship between JRA and JRA Century, plaintiffs

served the interrogatories at issue.   **(Doc. 68, Exhibit B).**

---

[1]JRA has now moved to join JRA Century Furniture Industries, Co., Ltd., as a necessary
party, or for leave to file a third party complaint.  **(Doc. 77).**  Chief Judge Murphy is slated to
rule on that motion.

As a preliminary matter, JRA stresses that plaintiffs' discovery requests pertain to Martha Stewart brand glass top tables designed and manufactured by JRA Furniture Industries, LLC– meaning JRA, not JRA Century.  **(Doc. 69).**  That is the same position that JRA took with respect to plaintiffs' motion to compel JRA to fulfill requests for production.  **(*See* Docs. 66 and 67).**  Again, it must be understood that JRA's actual connection to the tables at issue in this case may turn out to be only as the customer service provider, as JRA asserts; or, JRA may be the designer and/or manufacturer as alleged by plaintiffs.  However, JRA's role and/or liability are not issues for the undersigned magistrate judge to decide.  Furthermore, the possible distinction between JRA and JRA Century does not have a great impact on JRA's discovery obligations, which are rather broad.

### The Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter *relevant to the subject matter of the pending action*, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue that is or may be in the case.  **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978).* Discovery may be had from any person provided that the person from whom discovery is sought is not subjected to annoyance, embarrassment, oppression, or undue burden or expense.  ***See* Fed.R.Civ.P. 26(c), 30(b), 34, and 45.**

At this juncture, the controlling amended complaint alleges defendants Martha Stewart Living Omnimedia, Inc., KmartCorp., and JRA  Furniture Industries, LLC (JRA), engaged in

deceptive acts and practices, breached the implied warranty of merchantability, failed to disclose the defect inherent in the "Martha Stewart Everyday" brand glass top patio tables manufactured by JRA.  **(Doc. 19, p. 2).**

Plaintiffs specifically allege that JRA designed and manufactured the tables at issue.[2] **(Doc. 19, p. 5).**  The allegations remaining against JRA pertain to acts and/or omissions related to designing, manufacturing, promoting and advertising, and placing defective tables in the stream of commerce.  If plaintiffs are mistaken about JRA's role, Count XI, alleging a breach of an implied warranty of merchantability, would appear to be a nonstarter because JRA would not be a "merchant"– meaning seller or manufacturer.  **(*See* Doc. 19, pp. 31-32).**  In contrast, JRA's acknowledged role providing customer service is not inconsistent with Count III , which alleges consumer fraud, based on JRA's concealment of knowledge of a design defect.  **(*See* Doc. 19, pp. 20-22).**  Therefore, JRA's actual role has little or no impact on the scope of discovery at this point in time.

Plaintiffs specifically take issue with JRA's responses to Interrogatories Nos. 26, 27, 31, 32, 33, 34-39, 40, 41, 42, 44 and 45.  JRA asserts that plaintiffs are merely dissatisfied that JRA's answers do not fit what plaintiffs want JRA's role to be in this action.  In other instances, JRA contends that plaintiffs want more information than asked by the interrogatory.  JRA suggests that additional information be obtained via deposition.  Each disputed interrogatory will be addressed in turn.

---

[2]The Court notes that JRA has not moved to strike the misnomer in the amended complaint linking it and JRA Century Furniture Industries, Co., Ltd. ("JRA Century").

**Interrogatory No. 26**

Identify the business description and/or business model of JRA Furniture
Industries, L.L.C.

ANSWER: JRA Furniture Industries, LLC ("JRA Furniture") is a trading
company.  It performs the role of a faciltator and faciltates the communication
between the buyers and their suppliers.

Citing JRA's website and agency agreements already produced, plaintiffs complain that

this is an evasive and incomplete answer because it does not define "trading company" or

"facilitator."  JRA counters that "facilitator" is the business model requested.  The Court concurs

that plaintiffs received that for which they asked, and that a deposition and the referenced

documentation are better suited to evidence the specifics plaintiffs want.  Therefore, JRA need

not respond further to this interrogatory.

**Interrogatory No. 27**

Identify the corporate structure of JRA Furniture Industries, L.L.C.

ANSWER: JRA Furniture is a privately-owned limited liabilty company. It
contains members who own the company, and managers with supporting staffs
who perform day-to-day operations of the company. JRA Furniture is a trading
company and not a manufacturer. Accordingly, its organizational structure does
not contain a production department.

Plaintiffs argue that this is an evasive an incomplete answer, in that it does not identify

who owns the corporation, who the stockholders are, who the managers are, or what departments

make up the company.  Again, plaintiffs received that for which they asked.  JRA cannot be

faulted for plaintiffs' poor drafting.    Therefore, JRA need not respond further to this

interrogatory.

## Interrogatory No. 31

Identify whether JRA Furniture Industries, L.L.C. has ever had any
involvement in any way with JRA Century Furniture Industry, Co. located in
Taiwan and the extent and nature of such involvement. If so, identify what JRA
Furniture Industries, L.L.C.'s involvement and/or business relationship is with
JRA Century Furniture Industry, Co.

ANSWER: JRA Furniture acts as a faciltator for JRA Century Furniture Industry,
Co. , Ltd. ("JRA Century") located in Taiwan. JRA Furniture assists JRA Century
and locates potential buyers for JRA Century.  JRA Furniture also provides
customer service for products supplied by JRA Century.

Plaintiffs again take issue with the use of the term "facilitator," and view the answer as

incomplete and evasive.  Plaintiffs observe that agency agreements reflect a broader role, which

they imply JRA should have detailed in its answer to Interrogatory No. 31.  JRA has responded

to the interrogatory as drafted. Had plaintiffs asked JRA to "detail" JRA's involvement and/or

business relationship, JRA's answer would likely have been deemed insufficient.  In any event,

JRA need not respond further to this interrogatory.

## Interrogatory No. 32

Identify whether JRA Furniture Industries, L.L.C. has entered into any
contractual agreements with JRA Century Furniture Industry, Co. located in
Taiwan. If so, please produce all contractual agreements.

ANSWER: This Defendant has entered into contractual agreements with JRA
Century Furniture Industry Co.  However, this Defendant objects to producing
these at this time as they are confidential and proprietary and must be treated as
such. The contracts contain confidential commercial information and public
disclosure could unfairly affect this Defendant's business. Defendant has agreed
to produce the contracts with the understanding that the documents are to be
covered by a Confidentiality Agreement, such as that which has been entered into
with respect to documents produced by KMart and Martha Stewart Living
Omnimedia, Inc. If any party disagrees with this, the documents are to be
returned. See Exhibit A attached. This Defendant does object to producing the
percentage formula for calculating its commission as this is irrelevant and
immaterial.

5

Plaintiffs argue that the percentage formula is relevant to the relationship between the two entities and will evidence the type and extent of their relationship.  Plaintiffs assert that there seem to be more agreements between JRA and JRA Century, and those additional agreements should also be produced.  JRA counters that the percentage of the commission paid to JRA Century is irrelevant and revelation of that data would cause it a business hardship.  The Court perceives that the percentage of the commission paid would appear relevant to defining the exact relationship between JRA and JRA Century.  Insofar as JRA asserts that disclosure would cause it a business hardship, JRA has not moved for a protective order.  Moreover, in *Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000), the Court of Appeals stated:

> Many a litigant would prefer that the subject of the case–how much it agreed to pay for a construction pipeline, how many tons of coal its plant uses per day, and so on–be kept from the curious (including business rivals and customers), but the tradition that litigation is open to the public is of very long standing.  People who want secrecy should opt for arbitration.  When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.

**220 F.3d at 567-568 (internal citations omitted).**  Therefore, JRA must reveal the percentage of the commission paid to JRA Century.  Lastly, insofar as plaintiffs press for all contracts between JRA and JRA Century, the request is overly broad; only contracts between JRA and JRA Century related to the issues in this case need to be produced.

### Interrogatory No. 33

Identify whether JRA Furniture Industries, L.L.C. has shared or shares corporate offices, corporate officers, sales agents and/or other agents with JRA Century Furniture Industry, Co. located in Taiwan and, if so, state the address and/or name of the shared offices and/or agents and the scope of such agency.

ANSWER: JRA Furniture has not shared or shares corporate offices, corporate officers, sales agents and/or other agents with JRA Century.
Plaintiffs contend JRA's counsel stated JRA and JRA Century share common

shareholders, and JRA should produce the names of its and JRA Century's shareholders and "come clean" about the nature of their agency.  JRA responds that its counsel informally stated the two companies "might" share common shareholders, but that counsel did not know for sure. JRA further observes that the interrogatory asks nothing about shareholders.  JRA is correct; therefore it need not provide any further response to Interrogatory No. 33..

### Interrogatories Nos. 34-39

Interrogatories Nos. 34-39 ask about shared links (past or present) between JRA and JRA Century– shared assets or debts, accounts receivable, payroll obligations, funds, bank accounts, or any employees or agents.  JRA responded in the negative to each request.  Plaintiffs argue that the answers are evasive and incomplete.  Plaintiffs observe that an agency agreement between JRA and JRA Century requires JRA to open a bank account for certain accounts receivable. Plaintiffs also note again their belief that JRA's counsel has admitted the two businesses have common shareholders.  A review of the agency agreement reveals that JRA was required to open a bank account for deposit of accounts receivable, but the agreement does not require that account to be shared by JRA and JRA Century.  There is simply no basis for doubting the completeness or veracity of JRA's responses to Interrogatories 34-39; therefore, JRA need not respond further.

### Interrogatory No. 40

Identify whether JRA Furniture Industries, L.L.C. had/has any involvement and/or business relationship with KMart Corporation and/or Martha Stewart Living Omnimedia, Inc. concerning the patio tables identified in the Complaint. If so, identify what JRA Furniture Industries, L.L.C.'s involvement and/or business relationship is/was.
ANSWER: JRA Furniture serves as the facilitator in JRA Century's dealings with KMart Corporation and/or Martha Stewart Living Omnimedia, Inc.

Plaintiffs again take issue with the term "facilitator,"view the response as incomplete and evasive, and insist that agency agreements suggest a more detailed or involved relationship.  JRA has responded to the interrogatory as drafted. Had plaintiffs asked JRA to "detail" JRA's involvement and/or business relationship, JRA's answer would likely have been deemed insufficient.  In any event, JRA need not respond further to this interrogatory.

### Interrogatory No. 41

Identify whether JRA Furniture Industries, L.L.C. had any involvement with any of the contract negotiations between JRA Century Furniture Industry, Co. and KMart or JRA Century Furniture Industry, Co. and Martha Stewart Living Omnimedia, Inc.

ANSWER: JRA Furniture acted as a facilitator with respect to the contract negotiations between JRA Century and KMart or JRA Century and Martha Stewart Living Omnimedia, Inc. The extent of JRA Furniture's involvement was limited by the authority granted by JRA Century.

Plaintiffs again take issue with the term "facilitator,"view the response as incomplete and evasive, and takes issue with the lack of detail about "the authority granted by JRA Century." Again, JRA's response is sufficient.  JRA cannot be faulted for plaintiffs' poorly drafted interrogatory, and JRA need not provide information not specifically requested.

### Interrogatory No. 42

Identify whether JRA Furniture Industries L.L.C. had or has any involvement with JRA Century Furniture Industry Co.'s duties, obligations or benefits it has with respect to the contract agreements it entered into with KMart or Martha Stewart Living Omnimedia, Inc.

ANSWER: JRA Furniture had or has no involvement with JRA Century s duties , obligations, or benefits JRA Century has with respect to the contract agreements it entered into with KMart or Martha Stewart Living Omnimedia, Inc.

Plaintiffs argue JRA's response is inaccurate, evasive and contrary to its duties, as outlined in the agency agreements.  Interrogatory No. 42 is poorly drafted in terms of grammar and it is not drafted precisely enough for plaintiffs' aims.  JRA has adequately responded to this interrogatory.

## Interrogatory No. 44

Identify every meeting held between JRA Furniture Industries , L.L.C. and JRA Century Furniture Industry, Co. in which the topic of patio tables was raised and/or discussed. For each meeting identify the date, the location of the meeting and all persons present.

ANSWER: Objection. This Defendant objects to this Interrogatory as it is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R.Civ. P. 26(b)(1); Wing v. Challenge Mach. Co. 23 F. D. 669, 673 (S. D. Ill. 1959). Moreover, this Interrogatory is more appropriate for deposition testimony. See Schotthofer v. Hagstrom Construction Co., 23 F. R.D. 666, 668 (S. D. Ill. 1958).

Plaintiffs contend the meetings and minutes are central to the relationship between JRA and JRA Century.  JRA responds further that the interrogatory is not limited to any particular period of time, and it does not pertain to the allegedly defective table tops at issue in the case. JRA's objection is well taken and, therefore, sustained.

## Interrogatory No. 45

Identify the entity that is registered to the telephone number (877) 865-6278, the location of the entity that is registered to the telephone number (877) 865-6278, and identify the names of employees that answer calls on the telephone number (877) 865-6278.

ANSWER: The telephone number (877) 865-6278 coordinates with phone numbers registered under JRA Furniture. The location of registration is 13915 Cerritos Corporate Dr. , #B , Cerritos, CA 90703.  Phone calls come in on the telephone number (877) 865-6278 and are answered by a representative that is available at the time. JRA Furniture uses temporary staff from time to time to answer customer service phone calls. Bridget Releford and Elaine Sa'olotoga are

the full-time employees that answer customer service phone calls.

Plaintiffs characterize JRA's answer as vague and evasive with respect to what "coordinates" means.  Plaintiffs argue that the phone number is either registered with JRA or not.  Plaintiffs ignore that the interrogatory does not ask for a yes or no answer.  JRA's answer is not vague or evasive; therefore, JRA need not provide any further response to Interrogatory No. 45.

**IT IS HEREBY ORDERED** that, for the aforestated reasons, plaintiffs' motion to compel **(Doc. 68)** is **GRANTED IN PART AND DENIED IN PART**.  On or before **March 23, 2007**, defendant JRA Furniture Industries, LLC, shall answer Interrogatory No. 32 as directed.

**IT IS SO ORDERED.**

**DATED: March 15, 2007**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

10