IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHELLE RONAT, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **05-520-GPM** |
| | ) | |
| **MARTHA STEWART LIVING** | ) | |
| **OMNIMEDIA, INC., et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to compel defendants Martha Stewart Living

Omnimedia, Inc. ("MSLO"), and Kmart Corporation ("Kmart") to: (1) respond to interrogatories

Nos. 7, 8, 9, 10 15 and 16; (2) comply with requests for production Nos. 1, 2, 5, 8, 9, 10, 11, 12,

19, 20, 21, and 22; (3) produce un-redacted versions of all documents already produced; and (4)

submit a privilege log.  **(Doc. 73).**  Plaintiffs and defendants do not agree on the scope of

discovery; they dispute whether discovery encompasses *all* Martha Stewart Everyday brand

glass-top patio tables sold by Kmart from July 2002 to the present, or whether it is limited to

only Martha Stewart Everyday brand Victoria, Great Lakes and Galveston model patio tables

and their alleged glass-shattering problems.

Plaintiffs contend the merits-based issue has been raised during the class-certification

phase of discovery because the defendants' experts relied upon information about two styles of

tables not mentioned in the amended complaint and which defendants now claim are irrelevant–

the Olympia and Santa Barbara models **(*see* Doc. 73-10, Exhibit I (e-mail from MSO/Kmart**

**counsel indicating their expert, Lingnell, received Olympia, Victoria and Santa Barbara tables in preparing his report))**.  More to the point, plaintiffs suggest discovery must encompass all Martha Stewart Everyday glass top tables, not just to refine their theories of liability, but also in anticipation of the defense.   Plaintiffs highlight that the defendants' documented concerns and actions regarding shattering glass top tables were not specific to only the three models specified in the amended complaint **(*see* Doc. 73, Exhibit N; Doc. 87, Exhibit A).**

Defendants counter that the scope of discovery is narrowed by the terms of the amended complaint **(Doc. 19)**, and the parties' prior agreement that the scope of discovery would be limited to patio tables manufactured by JRA Century Furniture, Ltd.  **(*see* Doc. 81, Exhibit F)**. Defendants further assert that permitting discovery regarding all Martha Stewart Everyday brand glass-top patio tables would involve 37 styles of patio tables, manufactured by 11 companies. **(Doc. 81)**.  Defendants also assert that they have now submitted a privilege log.

**The Scope of Discovery**

It is important to keep in mind how wide open discovery is under the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter *relevant to the subject matter of the pending action*, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue that is or may be in the case*.  ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).** Discovery may be had from any person provided that the person from whom discovery is sought

is not subjected to annoyance, embarrassment, oppression, or undue burden or expense.  *See* **Fed.R.Civ.P. 26(c), 30(b), 34, and 45.**

Although the original complaint pertained to all Martha Stewart brand glass top patio tables **(Doc. 1, p. 1)**, plaintiffs elected to amended the complaint in June 2006, to pertain only to Martha Stewart Everyday brand Victoria, Great Lakes and Galveston model glass top patio tables **(Doc. 19, p. 2)**.  Claims relate to the merchantability of the tables, placement of a defective product in the stream of commerce, fraud in failing to inform plaintiffs of a defect, and unjust enrichment.  **(Doc. 19, pp. 16-32).**  However, with all that said, it is important to note that this case is in the pre-class certification phase of discovery.  Accordingly, discovery is supposed to be limited to the threshold requirements for class certification-- numerosity, commonality, typicality, and adequacy of representation. **(*See* Doc. 18).**  Although there is some overlap, discovery regarding the merits of the case will occur after the class certification issue is decided. **(*See* Doc. 18).**  Plaintiffs' allegations regarding the issues relevant to class certification are outlined in the amended complaint and will not be repeated here.  **(*See* Doc. 19, pp. 5-9).**

Plaintiffs argue that information about all Martha Stewart Everyday brand glass top tables is relevant and necessary because the defendants' experts relied upon information about two styles of tables not mentioned in the amended complaint and which defendants now claim are irrelevant– the Olympia and Santa Barbara models **(*see* Doc. 73-10, Exhibit I (e-mail from MSLO/Kmart counsel indicating their expert, Lingnell, received Olympia, Victoria and Santa Barbara tables in preparing his report); Doc. 73-12, Exhibit J (JRA's expert report); and Doc. 81-11, Exhibit I (MSLO/Kmart's expert Lingnell's report))**.  It is unclear what tables MSLO/Kmart's expert, A. William Lingnell, relied upon.  Although he refers to the

"subject tables," the e-mail from MSLO/Kmart's counsel indicates Lingnell relied upon one of

the tables specified in the amended complaint, and two other tables not included in the amended

complaint.  If Lingnell relied upon other tables, there would certainly be cause to permit

discovery regarding the additional tables considered by Lingnell.  However, at this juncture, it is

unclear what relevance Lingnell's report has to the class certification issues.  Before the Court

causes further delay in completing the class certification stage of this case and necessitates much

of the discovery done to date to be reviewed and updated, it must be clear that there is good

cause for broadening the apparent scope of discovery. Therefore, at this juncture, the scope of

discovery will not be broadened beyond the three tables specified in the amended complaint, to

include all Martha Stewart Everyday glass top patio tables.   The Court realizes that the scope of

discovery will likely have to be revisited during the merits-based discovery phase of this case, if

not sooner.  If plaintiffs can pin down Mr. Lingnell regarding which tables he based his opinion

on, the Court will entertain a motion to broaden the scope of discovery.

## The Disputed Discovery Requests

Plaintiffs seek to compel defendants MSLO and Kmart to respond to interrogatories Nos.

7, 8, 9, 10 15 and 16, and comply with requests for production Nos. 1, 2, 5, 8, 9, 10, 11, 12, 19,

20, 21, and 22.  In light of the aforementioned narrow scope of discovery, all MSLO and

Kmart's responses to the disputed discovery requests are sufficient.  At this juncture, defendants

need not supply any additional information.

## Redacted Documents

Plaintiffs take issue with the redactions MSLO and Kmart have made to documents they

have turned over during discovery.  MSLO and Kmart assert that the redactions relate to tables

4

not at issue in the amended complaint, or to issues about the Victoria, Great Lakes and Galveston model patio tables unrelated to the glass top problem(s).

There is no readily apparent cause to doubt the defendants' assertions regarding the redactions.  However, out of an overabundance of caution, the Court will delve further into this issue.  Although the Court will not inspect the thousands of documents produced, it will inspect the handful of documents plaintiffs have used as exhibits in the subject motion **(Doc. 73, Exhibits N, O and P)**.   If the Court is not satisfied that the redactions in that sample are appropriate, then additional steps may need to be taken.

### Privilege Log

In accordance with Federal Rule of Civil Procedure 26(b)(5), plaintiffs demand MSLO and Kmart provide them with a privilege log.  MSLO and Kmart respond that they have now provided plaintiffs with a privilege log, so plaintiffs' motion is moot.   However, plaintiffs do not consider the log complete.  **(Doc. 87).**  Plaintiffs must file a separate motion regarding defendants' privilege log so that the parties can fully brief any disputed assertions of privilege.

**IT IS HEREBY ORDERED** that, for the aforestated reasons, plaintiffs' motion to compel **(Doc. 73)** is **GRANTED IN PART AND DENIED IN PART**.  On or before **March 28, 2007**, defendants Martha Stewart Living Omnimedia, Inc., and Kmart Corporation shall file un-redacted versions of the documents depicted at Doc. 73, Exhibits N, O and P,  ex parte for in camera inspection by the Court.

**IT IS SO ORDERED.**

**DATED: March 16, 2007**                                  **s/ Clifford J. Proud**
                                                                              **CLIFFORD J. PROUD**
                                                                              **U. S. MAGISTRATE JUDGE**