IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHELLE RONAT, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **05-520-GPM** |
| ) | |
| **MARTHA STEWART LIVING** ) | |
| **OMNIMEDIA, INC., et al.,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' Third Motion to Compel Discovery from JRA Furniture Industries, LLC. **(Doc. 108).** Plaintiffs want the Court to compel defendant JRA Furniture Industries, LLC ("JRA") to: (1) execute a signed "Rule 34 affidavit" immediately, as purportedly ordered by Chief Judge G. Patrick Murphy during a March 19, 2007, hearing regarding the alleged withholding of discovery materials by JRA; and (2) produce a custodian of records for deposition regarding JRA's conduct of discovery.

Defendant JRA, citing the minute order reflecting the action taken by the Court at the March 19, 2007, hearing, contends that the Court did not order the production of any Rule 34 affidavit; Rule 34 does not require any such affidavit; and insofar as Chief Judge Murphy discussed such an affidavit, it was not anticipated until the end of the discovery period during the class certification phase of this action. **(Doc. 122).**

1

In reply, plaintiffs rehash the motion for discovery sanctions that Chief Judge Murphy denied at the conclusion of the March 19, 2007, hearing **(Doc. 74)**, and allege ongoing discovery fraud and/or the spoliation of evidence. **(Doc. 125).** Plaintiffs offer new evidence of the alleged discovery violations: the deposition testimony of JRA representatives indicating the JRA had not asked them for materials that would have been responsive to plaintiffs' discovery requests, and that JRA employees were directed not to retain customer complaint e-mails that would have been subject to discovery. However, plaintiffs acknowledge that some of these e-mails have since been produced. Plaintiffs contend that JRA's sporadic supplementation of its discovery responses is affecting their expert's analysis and conclusions regarding the percentage of tables sold that have shattered.

Federal Rule of Civil Procedure 34 does not require a party– in this situation a corporate representative– to execute an affidavit attesting that all responsive materials have been produced. However, it is axiomatic that Rule 34 imposes an immediate obligation to produce requested materials in a party's possession, custody or control at the time a discovery request is tendered; and Federal Rule of Civil Procedure 26(e) imposes an ongoing obligation to supplement and/or correct discovery responses to include information thereafter acquired. Chief Judge Murphy's remarks during the March 19th hearing are entirely consistent with these principles. Chief Judge Murphy recognized that discovery was ongoing, and he stated that plaintiffs' motion for sanctions relating to discovery fraud was premature, but the issue could be revisited later. Plaintiffs want to revisit the situation now, before the close of discovery. From JRA's perspective, the matter is not ripe until the close of discovery.

Plaintiffs forget the defendant's obligation to produce discovery is triggered with the request for production, and that defendants do not have the option to withhold responsive materials that are within their possession, custody and control, or to dispense responsive materials in dribs and drabs to suit their purposes. Subsequent disclosures do not necessarily cure a discovery violation, and the penalties imposed pursuant to Federal Rules of Civil Procedure 37(a)(3) and 37(c) can cripple a party's case or defense, and also carry a steep monetary cost.

There does appear to be mounting evidence of discovery improprieties. However, JRA asserts that at this juncture it has fully complied with the Court's previous order to produce outstanding discovery. Thus, little has changed from when Chief Judge Murphy explained succinctly, "If you don't have it, you don't have it." Although there is something to be said for catching discovery violations early, the ongoing nature of discovery also tends to make it difficult to clearly resolve such issues before the discovery cutoff. Because discovery violations can impact the Court's calendar and cause the violated party to expend additional time and expense, the sanctions imposed upon an offending party are likely to be very harsh. As Chief Judge Murphy indicated, the Court takes discovery violations as seriously as "mortal sin."

**IT IS THEREFORE ORDERED** that the plaintiffs' Third Motion to Compel Discovery from JRA Furniture Industries, LLC, **(Doc. 108) is DENIED** in all respects**,** without prejudice to plaintiffs' ability to revisit the issue(s) at the conclusion of discovery.

**IT IS FURTHER ORDERED** that upon the close of discovery for the class certification phase of this action, **August 8, 2007**, the defendant corporation, JRA Furniture Industries, LLC, shall file an affidavit with the Court certifying in writing, under oath, that it has fully complied

with its obligations of production under Federal Rule of Civil Procedure 34.

**IT IS SO ORDERED.**

**DATED: June 5, 2007**                                             **s/ Clifford J. Proud**
                                                                                             **CLIFFORD J. PROUD**
                                                                                             **U. S. MAGISTRATE JUDGE**