IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHELLE RONAT, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **05-520-GPM** |
| ) | |
| **MARTHA STEWART LIVING** ) | |
| **OMNIMEDIA, INC., et al.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

By order dated June 5, 2007, the Court: (1) denied plaintiffs' Third Motion to Compel Discovery from JRA Furniture Industries, LLC, without prejudice to plaintiffs' ability to revisit the issue(s) at the conclusion of discovery; and (2) ordered that "upon the close of discovery for the class certification phase of this action, August 8, 2007, the defendant corporation, JRA Furniture Industries, LLC, shall file an affidavit with the Court certifying in writing, under oath, that it has fully complied with its obligations of production under Federal Rule of Civil Procedure 34." **(Doc. 129).** The affidavit is being required in an attempt to ensure and make clear that all requested discovery has been produced, which should allow plaintiff and the Court to assess whether there have been any sanctionable discovery violations.

The parties have alerted the Court that when the deadlines for the class certification briefs was amended in February 26, 2007, the Court did not set a firm deadline for the close of class discovery; rather, it was left to the parties to complete discovery relative to class certification prior to the briefing deadline. **(Doc. 85).** August 8, 2007, is the deadline for all remaining

1

discovery to be completed– so called "merits" discovery.  **(Doc. 53-2).**

In the worst case scenario, discovery fraud is uncovered of the sort that undermines plaintiffs' expert's analysis and conclusions regarding the percentage of tables sold that have shattered.  It is better for that situation to come to light before the class certification decision than after.  Therefore, there is good cause for moving up the deadline for JRA Furniture Industries, LLC, to file an affidavit regarding its compliance with plaintiffs' requests for production.

Again, the Court must stress that a party's obligation to produce discovery is triggered with the request for production, and that the responding party does not have the option to withhold responsive materials that are within their possession, custody and control, or to dispense responsive materials in dribs and drabs to suit their purposes.  And, subsequent disclosures do not necessarily cure a discovery violation.  Therefore, moving the date for defendant's affidavit up imposes no greater or additional burden on defendant.

**IT IS THEREFORE ORDERED** that the Court's June 5, 2007, order **(Doc. 129)** is hereby **AMENDED** in that on **June 18, 2007,** defendant JRA Furniture Industries, LLC, shall file an affidavit with the Court certifying in writing, under oath, that it has fully complied with its obligations of production under Federal Rule of Civil Procedure 34.

**IT IS SO ORDERED.**

**DATED: June 8, 2007**                               s/ Clifford J. Proud
                                                      **CLIFFORD J. PROUD**
                                                      **U. S. MAGISTRATE JUDGE**