IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTHA STEWART LIVING OMNIMEDIA, INC., and KMART CORPORATION, <br><br>  Third-Party Plaintiffs, <br><br> vs. <br><br> XINYI GROUP (GLASS) COMPANY, LIMITED, <br><br>  Third-Party Defendant. | CIVIL NO. 05-520-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on July 8, 2008, for hearing on a motion to dismiss filed by Third-Party Defendant Xinyi Group (Glass) Company, Limited (Xinyi Glass).[1] For the following reasons and for those set forth in detail on the record during the hearing, the motion to dismiss for lack of personal jurisdiction is granted.

### FACTUAL BACKGROUND

In the underlying class action complaint, Plaintiffs, who are purchasers of certain models of "Martha Stewart Everyday" brand glass-top patio tables, claim that the tables spontaneously shatter during ordinary use. Plaintiffs seek damages, restitution, and injunctive relief on claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act, for unjust enrichment, and

---

[1] For purposes of this Memorandum and Order, the otherwise lengthy caption for this case is limited to only those parties involved with this motion.

for breach of implied warranty. Martha Stewart Living Omnimedia, Inc., and Kmart Corporation (MSO/Kmart) thereafter filed third-party contribution claims against several overseas entities, including Xinyi Glass, that allegedly designed, manufactured, sold, and/or distributed some of the glass components of the patio tables. Xinyi Glass filed a motion to dismiss on two grounds: (1) lack of personal jurisdiction and (2) failure to state a claim upon which relief may be granted.

## ANALYSIS

The constraints of personal jurisdiction are well-established. A federal court sitting in diversity has personal jurisdiction over a nonresident defendant only to the extent a state court in the forum state would have jurisdiction. In Illinois, the exercise of personal jurisdiction must comport with the Illinois long arm statute, the Illinois State Constitution, and the United States Constitution. The Illinois long arm statute, however, has been read to allow personal jurisdiction to reach as far as the requirements of due process will permit. The Illinois Constitution's due process requirements have been read to be identical to the requirements under the United States Constitution in almost all relevant respects. The test of personal jurisdiction in Illinois is a question of federal due process. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707 (7th Cir. 2002).

No allegations have been made by either party that Xinyi Glass has made the systematic contacts with Illinois necessary to warrant general jurisdiction in this State. The question, therefore, is whether the evidence warrants a determination that specific jurisdiction exists in this case. *See generally RAR, Inc. v. Turner Diesel, Ltd.*, 107 F3d 1272 (7th Cir. 1997). The test for whether the exercise of personal jurisdiction over a particular defendant comports with federal due process considerations is best articulated in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), in which the Supreme Court stated: "Due process requires only that in order to subject a defendant to

a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." 326 U.S. at 316 (internal quotations omitted).

To determine whether such "minimum contacts" exist, the court must examine the evidence in this case. First, there is no evidence that Xinyi Glass manufactured, sold, or distributed these table tops. In an affidavit, Jianjun Yang, Director of the Technical Center for Xinyi Glass, states: "Xinyi Glass has never had a commercial relationship with either JRA Century or Taiwan Century" (Doc. 192-2). Neither of MSO/Kmart's exhibits provides evidence to the contrary. MSO/Kmart's first exhibit provides answers to an interrogatory from Defendant JRA Furniture's vice president, which states: "In addition, it is believed that tempered glass for certain models was manufactured by others, including but not limited to Xinyi Automobile Glass (Shenzhen) Co. Ltd." (Doc. 215-2). This statement does not establish a sufficient link between Xinyi Glass and the glass table tops in question. The only other evidence provided by MSO/Kmart possibly linking Xinyi Glass to the table tops at issue in this lawsuit is an e-mail correspondence that identifies a "Xin Yi Glass Ind. Corp." as JRA Furniture's Chinese glass supplier (*see* Doc. 215-2). Neither of these exhibits, however, implicates Xinyi Group (Glass) Company, Limited – the party here – and neither of these exhibits shows that the table tops at issue were in fact manufactured by Xinyi Glass.

Second, there is no evidence that Xinyi Glass has established the minimum contacts with Illinois necessary to warrant the exercise of personal jurisdiction. The affidavit of Jianjun Yang further states that Xinyi Glass does not have any offices, plants, distribution centers, or agents in Illinois, nor has Xinyi Glass ever sent any employees, officers, or distributors to Illinois. Further, Xinyi Glass has never sold the type of glass at issue in this lawsuit to Illinois, and in the past three

years Xinyi Glass has only made one shipment to Illinois, and that shipment did not contain glass intended for outdoor patio use (*see* Doc. 192-2). As the Seventh Circuit Court of Appeals has stated: "The Supreme Court has made it clear that, in employing this test, we must focus on the factor of 'foreseeability.' The foreseeability that is significant for this purpose is whether the defendant could have anticipated being hauled into the courts of the state with respect to the matter at issue." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 780 (7th Cir. 2003). This foreseeability requirement is not met in this case, as demonstrated by reviewing the factors laid out by the Supreme Court used to determine whether the exercise of jurisdiction is reasonable.

> Implicit in this emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief … the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-292. (internal citations and quotations omitted).

Finally, MSO/Kmart argue that additional jurisdictional discovery is warranted because they have made out a *prima facie* case for jurisdiction against Xinyi Glass. It is too late in the case to allow MSO/Kmart to pursue discovery on Xinyi Glass, where there is no evidence that Xinyi Glass either manufactured these tables tops or put them into the stream of commerce with the expectation that they would wind up in Illinois. The facts of this case simply do not warrant the exercise of personal jurisdiction over Xinyi Glass.

## CONCLUSION

For the foregoing reasons, Xinyi Glass's motion to dismiss on the basis of lack of personal jurisdiction (Doc. 191) is **GRANTED**. Xinyi Group (Glass) Company, Limited, is **dismissed**

**without prejudice** from this action pursuant to Federal Rule of Civil Procedure 12(b)(2).

**IT IS SO ORDERED.**

DATED: 08/22/08

                                                                <u>s/ G. Patrick Murphy</u>
                                                                G. Patrick Murphy
                                                                United States District Judge