# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE RONAT, DAVID HENNEN, DONNA WILLIAMSON, ROBERTA GOLDSTONE, and LORI ANNE DERITIS, On Behalf of Themselves and All Others Similarly Situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| MARTHA STEWART LIVING OMNIMEDIA, INC., KMART CORPORATION, and JRA FURNITURE INDUSTRIES, LLC, a/k/a JRA Century Furniture Industries, Co., Ltd., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |
| and | ) CIVIL NO. 05-520-GPM |
| | ) |
| PATRICIA IVEY and JAMES SZEWCZYK, On Behalf of Themselves and All Others Similarly Situated, | )<br>)<br>)<br>) |
| Intervenor Plaintiffs, | )<br>) |
| vs. | )<br>) |
| MARTHA STEWART LIVING OMNIMEDIA, INC., and KMART CORPORATION, | )<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| MARTHA STEWART LIVING OMNIMEDIA, INC., and KMART CORPORATION, | )<br>)<br>)<br>) |
| Third-Party Plaintiffs, | ) |

|  | ) |
| --- | --- |
| vs. | ) |
|  | ) |
| JRA CENTURY FURNITURE INDUSTRIES, CO., LTD., | ) ) ) |
|  | ) |
| Third-Party Defendant, | ) |
|  | ) |
| and | ) |
|  | ) |
| MARTHA STEWART LIVING OMNIMEDIA, INC., and KMART CORPORATION, | ) ) ) |
|  | ) |
| Third-Party Plaintiffs, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| TAIWAN CENTURY ENTERPRISE CO., LTD.; DONGGUAN SHIN DIN METAL & PLASTIC PRODUCTS, LTD.; DONGGUAN SHIN CREST METAL & PLASTIC INDUSTRIES, LTD.; DONG GUAN XIN YANG METAL & PLASTIC PRODUCTS, CO., LTD.; and TAIWAN GLASS INDUSTRY CORP., | ) ) ) ) ) ) ) ) |
|  | ) |
| Third-Party Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

### BACKGROUND

In this putative class action, Plaintiffs, who are purchasers of the "Victoria" model of "Martha Stewart Everyday" brand glass-top patio tables, claim that the glass tops of these tables spontaneously shatter during ordinary use. Plaintiffs originally sought damages, restitution, and injunctive relief on claims brought under the Illinois Consumer Fraud and Deceptive Business

Practices Act (ICFA) against Martha Stewart Living Omnimedia, Inc. (MSO), Kmart Corporation (Kmart), and JRA Furniture Industries, LLC (JRA) (Counts I, II, III); for unjust enrichment against MSO, Kmart, and JRA (Counts IV, V, VI, VII, VII, IX); and for breach of implied warranty against Kmart and JRA (Counts X, XI) (*see* Amended Class Action Complaint at Doc. 19). On motions previously filed, Plaintiffs' unjust enrichment claims against Kmart and JRA (Counts V, VI, VIII, IX) were dismissed. Additionally, the remaining claims against JRA (Counts III, XI), which is the alleged manufacturer of the tables, were stayed pursuant to JRA's notice of bankruptcy. In Count IV, Plaintiff Roberta Goldstone alleges unjust enrichment against MSO on behalf of herself and all those that purchased certain patio tables in Arkansas, California, Colorado, Connecticut, Hawaii, Indiana, Iowa, Michigan, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, New York, Oklahoma, Vermont, or West Virginia.[1] In Count VII, Plaintiffs David Hennen and Donna Williamson allege unjust enrichment against MSO on behalf of themselves and all those that purchased certain patio tables in Alaska, District of Columbia, Georgia, Kansas, Kentucky, Maine, Minnesota, Nevada, New Mexico, Oregon, Rhode Island, South Carolina, South Dakota, Utah, Virginia, Washington, or Wisconsin. In Count X, Plaintiff Lori Anne DeRitis alleges breach of implied warranty of merchantability against Kmart on behalf of herself and all those that purchased certain patio tables in Alaska, Arkansas, Colorado, Delaware, Hawaii, Iowa, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, North Dakota, Oklahoma, South Carolina, South Dakota, Virginia, West Virginia, or Wyoming and cites to each state's statute governing the implied warranty of merchantability. Later,

---

[1] Plaintiff Goldstone no longer seeks to represent the class; however, she will pursue her individual unjust enrichment claim.

MSO and Kmart filed third-party complaints, which are not specifically relevant to the issue of class certification.[2]

After a troubling split among Plaintiffs' counsel, this Court allowed Plaintiffs Patricia Ivey and James Szewczyk to intervene and appointed interim class counsel to proceed with an already scheduled mediation. Intervenor Plaintiffs assert implied warranty of merchantability and unjust enrichment claims (*see* Class Action Complaint-In-Intervention at Doc. 229). Specifically, they allege breach of implied warranty of merchantability against Kmart on behalf of themselves and all those who purchased a Victoria Table in the states of Alaska, Arkansas, Colorado, Delaware, Hawaii, Iowa, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, North Dakota, Oklahoma, Pennsylvania, South Carolina, South Dakota, Virginia, West Virginia, Wyoming, or Texas (limited to purchasers of new Victoria Tables in the State of Texas), as "codified under the relevant state codes that were in effect at all times relevant." Plaintiff Ivey alleges unjust enrichment against MSO on behalf of herself and all those who purchased a Victoria Table in the states of Arkansas, California, Colorado, Connecticut, Hawaii, Indiana, Iowa, Michigan, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, New York, Oklahoma, Vermont, or West Virginia.

After the mediation failed, Plaintiffs' counsel and interim class counsel reconciled and filed a stipulation regarding class certification. The stipulation was intended to narrow the issues for the class certification hearing and to give defense counsel notice of exactly what claims Plaintiffs sought to certify and what individual claims would be pursued, if any, should class certification be denied.

---

[2]Although the third-party claims are not relevant to class certification, those parties are included here because this Memorandum and Order ultimately disposes of this case in this Court.

After the class certification hearing, which was held July 21, 2008, the Court ordered supplemental briefing and a revised class definition.

After a treacherous procedural history and circuitous briefing on the issue of class certification,[3] it is now clear that Plaintiffs seek to certify the following subclasses under Federal Rule of Civil Procedure 23(b)(3).

- The Victoria Implied Warranty Sub-Class: Under Count X of the Amended Class Action Complaint and Count I of the Class Action Complaint-In-Intervention, Plaintiff Lori Anne DeRitis and Intervenor Plaintiffs Patricia Ivey and James Szewczyk seek to represent all persons who purchased a Martha Stewart Everyday Victoria model tempered glass-top patio dining table (Victoria Table) from Kmart Corporation (Kmart) in the states of: (i) Colorado during the period July 27, 2002 through the present; (ii) Alaska, Arkansas, Delaware, Hawaii, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, North Dakota, Pennsylvania, South Dakota, Texas (limited to purchasers of new Victoria Tables in the State of Texas), Virginia, West Virginia, or Wyoming during the period July 27, 2001 through the present; (iii) Iowa or Oklahoma during the period July 27, 2000 through the present; or (iv) Mississippi or South Carolina during the period July 27, 1999 through the present, and who experienced the spontaneous shattering of the glass table top of their Victoria Table. These claims are asserted against Kmart only.

- Alternative Victoria Implied Warranty Sub-Class: Under Count X of the Amended Class Action Complaint and Count I of the Class Action Complaint-In-Intervention, Plaintiff Lori Anne DeRitis and Intervenor Plaintiffs Patricia Ivey and James Szewczyk alternatively seek to represent all persons who purchased a Victoria Table from Kmart in the states of: Pennsylvania during the period July 27, 2001 through the present; New Jersey during the period July 27, 2001 through the present; and Maryland during the period July 27, 2001 through the present, and who experienced the spontaneous shattering of the glass table top of their Victoria Table.

- The Victoria Unjust Enrichment Sub-Class Number 1: Under Count VII of the Amended Class Action Complaint, Plaintiffs David Hennen and Donna Williamson seek to represent all persons who purchased a Victoria Table from Kmart in the states of: (i) Kansas, South Carolina, Virginia, Washington, or the District of Columbia during the period July 27, 2002 through the present; (ii) Georgia, Nevada, or New Mexico during the period July 27, 2001 through the present; (iii) Kentucky

---

[3]Various motions to strike are pending, as well.

during the period July 27, 2000 through the present; or (iv) Alaska, Maine, Minnesota, Oregon, Rhode Island, South Dakota, Utah, or Wisconsin during the period July 27, 1999 through the present, and who experienced the spontaneous shattering of the glass table top of their Victoria Table. These claims are asserted against MSO only.

- <u>The Victoria Unjust Enrichment Sub-Class Number 2</u>: Under Count II of the Class Action Complaint-In-Intervention, Intervenor Plaintiff Patricia Ivey seeks to represent all persons who purchased a Victoria Table from Kmart in the states of: (i) California during the period July 27, 2003 through the present; (ii) Arkansas, Colorado, Mississippi, or Oklahoma during the period July 27, 2002 through the present; (iii) Nebraska during the period July 27, 2001 through the present; (iv) Iowa, Missouri, or West Virginia during the period July 27, 2000 through the present; or (v) Connecticut, Hawaii, Indiana, Michigan, New Hampshire, New Jersey, New York, or Vermont during the period July 27, 1999 through the present, and who experienced the spontaneous shattering of the glass table top of their Victoria Table. These claims are asserted against MSO only.

- <u>Alternative Unjust Enrichment Sub-Class</u>: Under Count VII of the Amended Class Action Complaint and Count II of the Class Action Complaint-In-Intervention, Plaintiffs David Hennen and Donna Williamson and Intervenor Plaintiff Patricia Ivey alternatively seek to represent all persons who purchased a Victoria Table from Kmart in the states of: Georgia during the period July 27, 2001 through the present; Virginia during the period July 27, 2002 through the present; and New Jersey during the period July 27, 1999 through the present, and who experienced the spontaneous shattering of the glass table top of their Victoria Table.

- <u>The Victoria Illinois Consumer Fraud Act Sub-Class</u>: Under Counts I and II of the Amended Class Action Complaint, Plaintiff Michelle Ronat seeks to represent all persons who purchased a Victoria Table from Kmart in the State of Illinois during the period July 27, 2002 through the present, and who experienced the spontaneous shattering of the glass table top of their Victoria Table. These claims are asserted against MSO and Kmart.

(*See* Doc. 259). Plaintiffs' proposed class definitions are – in a word – unmanageable. For the following reasons, this case, as presented, cannot be certified as a class action.

## DISCUSSION

### A. Class Certification

In order to maintain a class action, the following prerequisites shall be met: (1) the class is

so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). Class certification is appropriate under Rule 23(b)(3) where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). In making that determination, the court should consider (1) the interests of class members in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in managing a class action. *Id*.

The parties dispute whether the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequacy can be satisfied. Because those are *prerequisites* to class certification, generally, the Court would address those issues and the parties' capacious arguments regarding those questions. However, because the Seventh Circuit Court of Appeals has repeatedly and again recently rejected class certification of multi *state* claims, there is no reason to examine the Rule 23(a) prerequisites here.

On October 28, 2008, the Court of Appeals reversed class certification of claims filed under various states' consumer protection laws relating to the allegedly deceptive advertising of clothes dryers. Judge Posner described as a "downside to the class action" the tendency, "when the claims in a federal class action are based on state law, to undermine federalism." *Thorogood v. Sears,*

*Roebuck and Co.*, No. 08-1590, 2008 WL 4709500, at *3 (7th Cir. Oct. 28, 2008), *citing In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1020-21 (7th Cir. 2002); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300-02 (7th Cir. 1995); *Elizabeth M. v. Montenez*, 458 F.3d 779, 788 (8th Cir. 2006). While *Thorogood* involved only consumer claims, the analysis is applicable here.

> Our plaintiff wants to litigate in a single federal district court half a million claims wrested from the control of the courts of 29 jurisdictions in which those claims arose and the laws of which govern the claimants' entitlement to and scope of relief. The instructions to the jury on the law it is to apply will be an amalgam of the consumer protection laws of the 29 jurisdictions, and procedural rules by which particular jurisdictions, and procedural rules by which particular jurisdictions expand or contract relief will be ignored.
>
> \*\*\*\*
>
> The concerns that we have expressed (which are amplified, and supported by copious references, in our opinion in *In re Rhone-Poulenc, Inc.*, *supra*, and in such later opinions, apart from those cited already, as *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672 (7th Cir. 2001); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 834 (7th Cir. 1999); *Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003); and *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 165-68 (3d Cir. 2001)) suggest caution in class certification generally.

*Id.* at \*\*3-4. The fact that named plaintiff Thorogood sought to represent class members who allegedly had similar claims under similarly worded state consumer protection statutes in their own states did nothing to further his attempts to certify multi state claims. Likewise, in this case, Plaintiffs' attempt to group their implied warranty and unjust enrichment claims by states with similar laws does not establish either the superiority or manageability requirements of Rule 23(b)(3). In fact, Plaintiffs' groupings have made their class definitions even more unmanageable because of the differences in the statutes of limitations that apply under the different states' laws.

Plaintiffs must also show that the class is "indeed identifiable as a class." *Oshana v. Coca-*

*Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 2952 (2007), *citing Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) ("It is axiomatic that for a class action to be certified a 'class' must exist"); *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977) (agreeing that class definitions must be definite enough that the class can be ascertained). The class definition itself defeats the predominance requirement of Rule 23(b)(3) because it requires individualized proof related to spontaneous shattering – that is subsumed in the definition. The Court recognizes the difficulty of Plaintiffs' theory under current Seventh Circuit law, and particularly the *Bridgestone/Firestone* case, which was recognized during the hearing. After *Bridgestone/Firestone*, Plaintiffs cannot proceed with a class of all purchasers of Victoria tables because that would include some who have not suffered a failure. So Plaintiffs have tendered experts who opine that the table top is so defective that there is a "substantial certainty" that every Victoria table will spontaneously shatter during its useful life. From this, they ask the Court to presume that those tables that have failed have "spontaneously shattered." But the Court cannot make such a leap. We are talking about glass table tops, and glass table tops break. Maybe they have "spontaneously shattered" or maybe their breakage was caused by what the experts have referred to as a "singular event," such as an object being dropped on it or it blowing over in the wind, as just two examples. In making this argument, Plaintiffs rely on *Hicks v. Kaufman and Broad Home Corp.*, 89 Cal. App. 4th 908 (Cal. App. Ct. 2001). The *Hicks* court held, in direct contravention to *Bridgestone/Firestone*: "It is not necessary for each individual homeowner to prove his foundation has already cracked or split or that he has suffered property damage as a result of the cracking or splitting." 89 Cal. App. 4th at 923. But in so holding, the court specifically noted that unlike "cars and tires," foundations have an indefinite useful life. *Id*. Therefore, it is doubtful that *Hicks* supports Plaintiffs' position at all. In

any event, this Court rejects the specific holding in *Hicks*, as it is contrary to the law that this Court is bound to follow.

If the Court were to certify this case, how could class members "whose tables have spontaneously shattered" possibly be identified? The class definition itself defeats both the predominance and manageability requirements of Rule 23(b)(3). *See, e.g., Isaacs v. Sprint Corp.*, 261 F.3d 679, 682 (7th Cir. 2001). As Judge Posner stated in *Isaacs*, which involved multi state trespass claims:

> The case involves different conveyances by and to different parties made at different times over a period of more than a century (railroading began in the United States in the 1830s) in 48 different states (plus the District of Columbia) which have different laws regarding the scope of easements – laws moreover that have changed over the period embracing the grant of property rights to railroads and whose application involves intricate legal and factual issues … making it unlikely that common issues predominate over individual-claim issues. This is a nightmare of a class action.

261 F.3d at 682 (internal citations omitted).

The problem in identifying the class members coupled with the difficulty of applying the laws of numerous states precludes class certification.

But there is also the insurmountable problem of fashioning a remedy. Some table tops shatter while relatively new and others shatter toward the end of their useful life. The former are more valuable than the latter. Assessing and distributing any award or settlement using a rational metric is impossible.

While this Court values the class action mechanism, "when a separate evidentiary hearing is required for each class member's claim, the aggregate expense may, if each claim is very small, swamp the benefits of class-action treatment." *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007). "The picture of a federal district judge presiding over thousands of

evidentiary hearings each involving a trivial amount of money is not a pretty one," *id*., and that is exactly what this case would require. "Unlike a class action dominated by issues common to the entire class, there would be no significant economies from consolidating the class members' tiny claims, each requiring its own evidentiary hearing; the expense and burden to the parties and to the judiciary would exceed the value of the claims." *Id*.

In keeping with the policy set forth in *Pastor* and the rationale regarding manageability of class actions set forth in *Thorogood*, *Szabo*, *Isaacs*, and *Bridgestone/Firestone*, the Court finds this action inappropriate for class treatment. Plaintiffs' alternative class definitions do not overcome the difficulties described here in any way. But even if they did, consistent with Judge Posner's concerns in *Thorogood*, this Court can't grasp why a district court in Illinois should try implied warranty and unjust enrichment claims arising under the laws of Pennsylvania, New Jersey, Maryland, Georgia, and Virginia. Finally, because the Court finds that Plaintiffs cannot satisfy the requirements of Rule 23(b)(3), the Court need not reach the notice issue under the warranty claims, which was raised during the class certification hearing and briefed thereafter.

### B. Pending Evidentiary Motions

Currently pending are motions filed by Plaintiffs and Defendants to strike certain expert opinions. The Court's resolution of these motions makes no difference in its analysis of class certification. Nothing that the experts have said allows the Court to make the leap that Plaintiffs ask. Moreover, the motions to strike are more akin to motions in limine that would appropriately be filed to bar evidence from presentment before a jury during trial, not a judge during class certification proceedings. The pending motions (Docs. 196, 214, 242) are **denied as moot**.

### C. Subject Matter Jurisdiction

After 3 years, this Court must decide a difficult question: Whether, having denied class certification, the Court retains subject matter jurisdiction. This case was properly filed under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (CAFA). The statute defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The cases to have addressed the issue are divided on whether CAFA provides a basis for subject matter jurisdiction after a court denies class certification in a case that was properly filed or removed under CAFA. *Compare Jones v. Jeld-Wen, Inc.*, No. 07-22328-CIV, 2008 WL 4541016 (S.D. Fla. Oct. 2, 2008); *Clausnitzer v. Federal Express Corp.*, No. 06-21457-CIV, 2008 WL 4194837 (S.D. Fla. June 18, 2008); *Arabian v. Sony Elecs., Inc.*, No. 05cv1741 WQH (NLS), 2007 WL 2701340 (S.D. Cal. Sept. 13, 2007); *Giovanniello v. New York Law Publ'g Co.*, No. 07 Civ.1990(HB), 2007 WL 2244321 (S.D.N.Y. Aug. 6, 2007); *Falcon v. Philips Elecs. N. Am. Corp.*, 489 F. Supp. 2d 367 (S.D.N.Y. 2007); *Gonzalez v. Pepsico, Inc.*, No. 06-2163-KHV, 2007 WL 1100204 (D. Kan. Apr.11, 2007); *McGaughey v. Treistman*, No. 05 Civ. 7069(HB), 2007 WL 24935 (S.D.N.Y. Jan.4, 2007) (answering no to question), *with Colomar v. Mercy Hosp., Inc.*, No. 05-22409-CIV, 2007 WL 2083562 (S.D. Fla. July 20, 2007); *Garcia v. Boyar & Miller, P.C.*, Nos. 3:06-CV-1936-D, 3:06-CV-1937-D, 3:06-CV-1938-D, 3:06-CV-1939-D, 3:06-CV-2177-D, 3:06-CV-2206-D, 3:06-CV-2236-D, 3:06-CV-2241-D, 2007 WL 1556961 (N.D. Tex. May 30, 2007); *Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014 (C.D. Ill.2007) (answering yes to question). In those cases that answer "no," the general reasoning is that under Federal Rule of

Civil Procedure 12(h)(3), the court shall dismiss the action whenever it appears that the court lacks subject matter jurisdiction.

Federal judges are "textualists." *See, e.g., Riegel v. Medtronic, Inc.*, 128 S. Ct. 999, 1008-09 (2008) (declaring: "It is not our job to speculate upon Congressional motives" when examining the pre-emption clause to the Medical Device Amendments to the Food, Drug, and Cosmetic Act and holding that it barred common-law claims challenging the safety or effectiveness of a medical device marketed in a form that received premarket approval from the Food and Drug Administration); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005) ("[T]he authoritative statement is the statutory text, not the legislative history or any other extrinsic material."); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 984-85 (7th Cir. 2008) (applying certain deadlines in CAFA and rejecting the argument that the statute cannot mean what it says). In examining the statute itself, it is clear to this Court that CAFA does not provide a basis for subject matter jurisdiction after a court denies class certification. By its terms, it "shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). Under the statute, "the term 'class certification order' means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action." 28 U.S.C. § 1332(d)(1)(C). This is no longer a class action and so the case ends here.

The Court is told that Plaintiffs Michelle Ronat, David Hennen, Donna Williamson, Lori Anne DeRitis, and Roberta Goldstone wish to pursue their individual claims. But there is no way that any of their claims can satisfy the $75,000 amount in controversy threshold required under 28 U.S.C. § 1332(a). There remain only state claims that involve tops to tables that were purchased for $120 – new (*see* Doc. 244 at pp. 28-29). The table tops are only a fraction of the purchase price.

There is no basis for federal subject matter jurisdiction, and the action must be dismissed.

## CONCLUSION

For the forgoing reasons, Plaintiffs' motion for class certification (Doc. 195) is **DENIED**. This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The motions to strike (Docs. 196, 214, 242) are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: 11/12/08

                                                    s/ *G. Patrick Murphy*
                                                    G. PATRICK MURPHY
                                                    United States District Judge